UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 13 P 4:34

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| EDWIN RILEY, JR. AND<br>SHARON RILEY | * * * | CIVIL ACTION<br>NO. **06-1996** |
| VERSUS | * * | SECTION " " |
| WASHINGTON MUTUAL BANK, F.A.<br>AND SHAPIRO AND MENTZ, LLP | * * * | MAGISTRATE ( ) **SECT D MAG 1** |
| | * | JURY TRIAL REQUESTED |

* * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES AND PENALTIES

**NOW INTO COURT**, through undersigned counsel, come petitioners, Edwin Riley, Jr. and Sharon Riley, both persons of the full age of majority and residents of the Eastern District of Louisiana, who aver as follows:

I.

Made defendant herein is Shapiro & Mentz, LLP ("S&M"), a Louisiana limited liability partnership authorized to do and doing business in this district.

II.

Made defendant herein is Washington Mutual Bank, F.A. ("WAMU"), a corporation organized under the laws of the United States, which is authorized to do and doing business in this district.

Fee $350.00
___ Process_____
_X_ Dktd_____
_√_ CtRmDep_____
___ Doc. No_____

III.

S&M is a Louisiana law firm whose practice includes, *inter alia*, representing mortgage holders who institute foreclosure proceedings against Louisiana property owners.

IV.

WAMU is a financial institution which routinely services home mortgage loans secured by properties located in Louisiana.

V.

Jurisdiction is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 USCA Sec. 1692, *et seq.*

VI.

Venue is proper because the actions made the basis of this litigation occurred in this district.

VII.

S&M is a debt collector within the meaning of the FDCPA.

VIII.

WAMU is a debt collector within the meaning of the FDCPA.

IX.

At all times pertinent herein, petitioners were the owners of their home located at 40 Martin

Drive, New Orleans, Louisiana (hereinafter the "home").

X.

At all times pertinent herein, petitioners' home was encumbered by a mortgage loan being serviced by WAMU, f/k/a Fleet Mortgage Corporation.

XI.

The foregoing debt was incurred for personal, family or household purposes and is a "debt" as defined by 15 USCA Sec. 1692.

XII.

In April, 2001, S&M instituted foreclosure proceedings against petitioners on behalf of WAMU in the case entitled *Washington Mutual, et al v. Edwin Riley, et al*, Civil District Court for the Parish of Orleans, Case No. 2001-5897.

XIII.

On or about April 18, 2005, petitioners sold their home, rather than losing it through a judicial sale.

XIV.

Prior to the sale of the home, the closing attorney preparing the sale on behalf of the purchasers sought and received from S&M a payoff quote in the amount of $100,812.86 as being sufficient to pay WAMU's loan in full.

XV.

The foregoing payoff quote included foreclosure fees, court costs and attorney fees in the amount $11,437.16.

XVI.

On the day of the sale, S&M provided a revised payoff quote in the amount of $103,527.84.

XVII.

The "revised" payoff quote included foreclosure fees, court costs and attorney fees in the amount of $14,483.31, which was $3,046.15 higher than the original quote.

XVIII.

Petitioners paid the additional sum, rather than lose the sale.

XIX.

Petitioners aver that the revised amount of foreclosure fees and costs quoted by S&M on behalf of WAMU was inflated by more than $3,000.00.

XX.

On or about July 11, 2005, S&M refunded petitioners the sum of $2,951.25.

XXI.

Petitioners aver S&M refunded the foregoing money only because petitioners' attorney had

issued a subpoena in a separate proceeding, seeking records concerning S&M's handling of foreclosure cases on behalf of WAMU.

XXII.

Under the FDCPA, S&M and WAMU owe a duty to borrowers to state the correct amount of the debt and provide accurate payoff figures.

XXIII.

S&M and WAMU violated the FDCPA by providing petitioners with an inflated payoff quote for their home loan.

XXIV.

Petitioners allege that defendants are liable to them for attorney fees and costs as a result of their having to bring this action to enforce the FDCPA.

XXV.

Petitioners aver that defendants are liable to them for statutory damages as provided under 15 USCA Sec. 1692k, as a result of defendants' violation of the FDCPA.

XXVI.

Petitioners aver that defendants are liable to them for actual damages they incurred as a result of having to pay WAMU excessive funds to pay off their loan. Petitioners' actual damages are TWO HUNDRED NO/100 ($200.00) DOLLARS.

XXVII.

WAMU is liable to petitioners for the actions of its attorneys, S&M.

XXVIII.

Petitioners pray for a trial by jury.

**WHEREFORE**, petitioners, Edwin Riley, Jr. and Sharon Riley, pray the defendants be duly cited and served with a copy of this Complaint and after due proceedings had there be judgment herein in favor of petitioners and against defendants, Washington Mutual Bank, F.A. and Shapiro & Mentz, LLP, jointly, severally and *in solido,* for the full and true sum of TWO HUNDRED NO/100 ($200.00) DOLLARS in actual damages, plus reasonable attorney fees and costs incurred by petitioners in bringing this action, for statutory damages as provided by the Fair Debt Collection Practices Act and for all general and equitable relief. Petitioners reiterate their request for a trial by jury.

Respectfully submitted,

**KEVIN C. SCHOENBERGER, ALPC**

By: _____
**KEVIN C. SCHOENBERGER (Bar No. 11813)**
Attorney for Petitioners
701 Poydras Street
Suite 3770 - One Shell Square
New Orleans, LA 70139
(504) 525-1143